**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4351**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SENITA BIRT DILL,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:12-cr-00105-MR-DLH-1)

———————

Submitted: December 18, 2014      Decided: January 14, 2015

———————

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

G. Ryan Willis, Drew Nelson, WILLIS JOHNSON & NELSON, PLLC, Raleigh, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Don Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Senita Birt Dill pled guilty to a false claims conspiracy, in violation of 18 U.S.C. § 286 (2012), access device fraud, in violation of 18 U.S.C. § 1029(a)(5) (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012), based on her fraudulent tax-filing scheme. On appeal, she raises two claims of ineffective assistance of trial counsel, asserting that her attorney was ineffective by: (1) conceding a winning argument concerning the Government's untimely objections to the presentence report ("PSR"); and (2) failing to seek a continuance of the sentencing hearing once the trial court decided to consider the Government's untimely objections to the PSR.

We decline to reach Dill's claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel

2

on the face of the record, we conclude that these claims should be raised, if at all, in a § 2255 motion.

Thus, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>